UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| ERIC H. HOLDER,                                       : | | |
|    Attorney General of the              : | | |
|    United States of America,            : | CIVIL ACTION | |
|          : | | |
|      Plaintiff,               : | MEMORANDUM IN SUPPORT | |
|          : | OF DEFENDANT'S MOTION | |
|    v.                                   : | TO DISMISS | |
|          : | | |
| MARY SUSAN PINE,                                       : | No. 9:10-cv-80971-KLR | |
|          : | | |
|      Defendant.               : | | |
| _____ : | | |

## INTRODUCTION

Federal Rule of Civil Procedure 12(b)(6) requires a dismissal of any claim that fails to state a cause of action upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Complaint filed on August 18, 2010, by Mr. Eric Holder, fails to state such a claim. The Complaint cites the Freedom of Access to Clinic Entrances Act ("FACE"), 18 U.S.C. § 248 (1994), as the cause of action under which relief is sought. FACE requires that the plaintiff prove the defendant:

> (1) by force or threat of force, or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services; ... or
> (2) intentionally damages or destroys the property of a facility, or attempts to do so, because such facility provides reproductive health services....

18 U.S.C. § 248(a). Because FACE requires both intent to obstruct the entrance to a clinic by force, or threat of force, or by physical obstruction that makes entrance to or egress from the clinic impossible or "unreasonably difficult or hazardous," *Sherman v. State*, 626 S.W.2d 520, 526 (Tex. Crim. App. 1981), and because, on the basis of the facts alleged, the Plaintiff has not alleged, and cannot show, either intent or an actual blockage or an unreasonable difficulty or hazard, the Complaint fails to meet the standard set by Rule 12(b)(6) and its subsequent case law.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion, designed to determine whether the complaint actually does state a legal claim upon which relief can be granted, asks whether the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A 12(b)(6) motion should prevail whenever the complaint, even with facts construed in the light most favorable to the plaintiff, would not permit relief to be granted. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).

The Plaintiff is required to provide in the complaint a short, plain statement of the claim that shows the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). This statement must be more than simply "labels and conclusions," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336, 1338 (S.D. Fla. 2009), and must in fact be "enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true." *In re Managed Care Litigation*, 2009 WL 742678, 2 (S.D. Fla. 2009); *see also*, *Twombly*, 550 U.S. at 555; *Sec. of Labor v. Labbe*, 319 F. App'x 761 (11th Cir. 2008). This does not, however, mean that any allegation of facts constitutes a valid complaint upon which relief can be granted. On the contrary, while Rule 8 does not require detailed factual analysis of each claim, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While the Court in *Twombly* only required that the plaintiff allege "enough facts to state a claim to relief that is plausible on its face," 550 U.S. at 555, the Court in *Iqbal* stated that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S. Ct. at 1949. The plaintiff in *Twombly* was held to a standard that required it to move its allegations beyond merely conceivable into the realm of the plausible; because the plaintiff did not do so, the complaint was dismissed. 550 U.S. at 555. In *Iqbal*, that standard was heightened.

In *Iqbal*, the Supreme Court examined a complaint against then-Attorney General John Ashcroft that alleged that the plaintiff was subjected to torture and that Mr. Ashcroft was the "'principle architect' of this invidious policy." *Iqbal*, 129 S. Ct. at 1951. While the plaintiff was fairly specific in his accusations and assertions, the Court nonetheless held that they were "bare assertions" and "nothing more than a 'formulaic recitation of the elements' of a constitutional

discrimination claim." *Id.* (*quoting Twombly*, 550 U.S. at 555). The Court, while recognizing that all factual elements must be read in the light most favorable to the plaintiff, they stated that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. The Court further noted:

> Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 1950 (*quoting* Fed. R. Civ. P. 8(a)(2)) (internal citations omitted). If a complaint contains only conclusions, it must be dismissed as failing to state a claim upon which relief can be granted. Furthermore, even if the facts are well-pleaded, if they only show a "mere possibility of misconduct," the claim should be dismissed under Rule 12(b)(6). *Id.* at 1950.

A court should also dismiss a claim under Rule 12(b)(6) "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 922 F.2d 1171, 1174 (11th Cir. 1993) (*quoting Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991)). In *Marshall County*, the Eleventh Circuit examined a case in which the existence of a property interest turned solely on a matter of law. To show an interest in the disputed property, the plaintiffs were required to establish that a state or federal law gave them an interest in the property. *Marshall County Bd. of Educ.*, 922 F.2d at 1175. When the plaintiff produced a state statute under which it claimed to have an interest in the disputed property, the court took the

3

liberty of examining and interpreting the statute and its language to determine its meaning. *Id.* at 1175-76.

In the case at bar, Attorney General Holder is required to provide a short, plain statement of facts that states a claim upon which relief can be granted. Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(b)(6). This Court must examine both the Complaint itself and the statute under which the Complaint is brought to determine whether it meets this standard. *Iqbal*, 129 S. Ct. at 1949-50; *Twombly*, 550 U.S. at 558; *Marshall County Bd. of Educ.*, 922 F.2d at 1174. This Court must also examine the language of the statute and the meaning of its language to determine whether the Complaint states a claim upon which relief can be granted. *Marshall County Bd. of Educ.*, 922 F.2d at 1175-76. Finally, even if this Court finds that the Complaint might conceivably state a claim upon which relief can be granted, this Court should grant the motion to dismiss unless the claim moves past the conceivable and into the realm of the plausible. *Iqbal*, 129 S. Ct. at 1950; *Twombly*, 550 U.S. at 570.

**ARGUMENT**

**I.   THE COMPLAINT FAILS TO ALLEGE THAT MS. PINE OBSTRUCTED AN ENTRYWAY TO A REPRODUCTIVE CLINIC IN A MANNER THAT MAKES ENTRY TO THE CLINIC "UNREASONABLY DIFFICULT" OR IS MORE THAN A MERE MOMENTARY INTERFERENCE.**

The Freedom of Access to Clinic Entrances Act, 18 U.S.C. § 248 (1994) ("FACE"), requires that, to be liable under the statute, an individual must by force or threat of force, or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person seeking access to or providing reproductive health services. 18 U.S.C. § 248(a)(1) (1994). The Complaint must be dismissed because it neither alleges, nor can it allege, facts that establish a basis for a cause of action under FACE.

To determine what is meant by an obstruction, this court must examine the language of the statute and the meaning attached by Congress to that language. *Marshall County Bd. of Ed.*, 922 F.2d at 1175-76. Congress, when debating FACE, stated in a joint explanatory statement that the definition of physical obstruction was taken from a Texas penal statute already upheld as Constitutional. H.R. Conf. Rep. No. 103-488, at 13 (1994), *reprinted in* 1994 U.S.C.C.A.N. 699, 730. The statute considered was Texas Penal Code §42.03(b), which prohibited "the rendering impassable or the rendering unreasonably inconvenient or hazardous the free ingress or egress to the struck premises." Tex. Penal Code §42.03(b).

In *Sherman v. State*, 626 S.W.2d 520 (Tex. Crim. App. 1981), the Texas court explained that the statute – and, thereby, the definition of "obstruction" – required that passage "be severely limited or completely blocked" before prosecution would lie. 626 S.W.2d at 526. In *Sherman*, the alleged violation occurred when a picketer slowly walked in front of a car, causing it to halt momentarily to avoid striking the picketer. *Id.* at 522. The court found that the petitioner never indicated even a threat of violence and that traffic was not halted. There could be no violation when the driver of one automobile was required to halt only momentarily. *Id.* In *Howard Gault Co. v. Tex. Rural Legal Aid, Inc.*, 848 F.2d 544 (5th Cir. 1988), the Fifth Circuit affirmed the *Sherman* decision and held that the definition of instruction must be construed so as not to include "mere momentary interferences which are so temporary and incidental that they do not constitute imminent threats of violence or public disorder." *Id*. At 559. Since Congress based its definition of "obstruction" on this case law, it is imperative this Court consider it in determining whether the complaint states a claim upon which relief can be granted.

Furthermore, Congress did not intend for such activities as stepping in front of a car and causing it to halt momentarily to be considered obstructions under FACE. Senator Edward

5

Kennedy, during debate over FACE, clarified what constituted a physical obstruction in response to a question from Senator John Danforth, who asked whether a line of abortion protesters across an entryway to a clinic would constitute an obstruction if they left enough room for an individual to pass through their line. 139 Cong. Rec. S15681 (Nov. 16, 1993). Senator Kennedy responded, "I do not believe the protesters would have made access to the clinic unreasonably difficult or hazardous as long as they left a reasonable amount of room for a person to enter and leave the building." *Id.* Under FACE, the physical obstruction must render "impassable ingress to or egress from a facility that provides reproductive health services . . . or [render] passage to or from such a facility . . . unreasonably difficult or hazardous." 18 U.S.C. § 248 (e)(4).

Even taking the allegations in the Complaint in the light most favorable to the plaintiff, the facts alleged do not constitute a claim that Ms. Pine rendered "impassable ingress to or egress from a facility that provides reproductive health services" or that she rendered "passage to or from such a facility unreasonably difficult or hazardous." *Id.* She did not create a physical obstruction under the statute. Since the Complaint fails to allege that such an obstruction was created, and since the Complaint can point to no facts that would indicate such an obstruction was created, the Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

II. **THE COMPLAINT FAILS TO ALLEGE THAT MS. PINE INTENDED TO OBSTRUCT AN ENTRYWAY TO A REPRODUCTIVE CLINIC WITH THE INTENTION TO INTIMIDATE.**

FACE, 18 U.S.C. § 248 (1994), requires that an individual punishable under the statute actually intend to create a physical obstruction to a clinic entrance. Even if this Court could find that the Complaint does show that Ms. Pine created a physical obstruction as defined by the statute, this Court must also find that the Complaint can establish a plausible factual scenario

6

under which Ms. Pine actually intended to create such an obstruction. The relevant portion of FACE penalizes anyone who, "by force or threat of force or by physical obstruction, intentionally injures, intimidates, or interferes, or attempts to injure, intimidate, or interfere with any person . . . in order to intimidate that person . . . from obtaining or providing reproductive health services." 18 U.S.C. § 248(a)(1) (1994). The Complaint fails to allege any such intent on the part of Ms. Pine and should therefore be dismissed as failing to state a claim upon which relief can be granted.

The relevant paragraph of the Complaint reads, "Defendant attempted to, and did, interfere with the driver's access to the Presidential Women's Center." Complaint, 12 (Aug. 18, 2010). While this portion of the Complaint purports to allege an attempt to interfere with access to the clinic, it does not allege intent to create a physical obstruction as defined by the statute or intent to use force or threat of force to interfere with the driver or intimidate the driver. 18 U.S.C. § 248(a)(1) (1994); 18 U.S.C. § 248(e)(4) (1994). The Complaint alleges a "momentary hesitation of a vehicle entering the premises," but it does not allege intent to create an obstruction that renders "passage to or from [a reproductive clinic] unreasonably difficult or hazardous." *Sherman v. State*, 626 F.2d 520, 528 (Tex. Crim. App. 1981); 18 U.S.C. § 248(e)(4) (1994). Since relief cannot be granted based on the Complaint's conclusory statement, the Complaint fails to state a claim upon which relief can be granted.

FACE requires actual interference with an individual attempting to obtain reproductive services for liability to attach. 18 U.S.C. § 248(a)(1). The Eleventh Circuit interpreted the meaning of FACCE in *Cheffer v. Reno*, 55 F.3d 1517 (11th Cir. 1995), stating, "the term "force" in the context of the instant statute means "physical force." *Id.* (*citing American Life League, Inc. v. Reno*, 47 F.3d 642, 648 (4th Cir. 1995)).

7

> The clear implication in *American Life League* is that the term "force" in the context of the instant statute means "physical force." *Id*. at 648 ("The use of force or violence is outside the scope of First Amendment protection. *Wisconsin v. Mitchell*, 508 U.S. 476, ----, 113 S.Ct. 2194, 2199, 124 L.Ed.2d 436 (1993) ('a physical assault is not by any stretch of the imagination expressive conduct protected by the First Amendment')"). We agree with the Fourth Circuit that the clear meaning of "force" in this statute is "physical force." Thus, the prohibition of "force" in this statute does not involve pure speech; rather, it involves only physical force.
>
> The term "force" is often interpreted to mean "physical force." *See Johnson v. Mississippi*, 421 U.S. 213, 222-27, 95 S.Ct. 1591, 1597-99, 44 L.Ed.2d 121 (1975) (interpreting similar language – "by force or threat of force willfully injures, intimidates, or interferes with" – to provide protection against violence). The context of this particular statute reinforces the "physical force" interpretation. The Access Act proscribes intentional injury, intimidation or interference, but only if the same is committed "by force, threat of force or physical obstruction." Access Act, §3(a)(1) (codified as 18 U.S.C. §248(a)(1)). The only terms in the instant statute which by themselves might have a broader sweep are carefully delimited. Thus, the term "intimidation" is defined: "to place a person in reasonable apprehension of bodily harm." Access Act, §3(e)(3) (codified at 18 U.S.C. §248(e)(3)). The activity proscribed by the broadest terms of the statute is "intimidation" caused by "threat of force." As demonstrated above, the activity thus proscribed is a threat of physical force placing a person in reasonable apprehension of bodily harm.

*Cheffer*, 55 F.3d at 1521.

The Complaint does not allege intimidation by force or threat of force. The Complaint is silent on the issue. The Complaint does not allege that the Plaintiff used actual physical force or threat of physical force "placing a person in reasonable apprehension of bodily harm." *Id.* The Complaint fails under Rules 12(b)(6) and 8(a)(2) to state a claim upon which relief can be granted and should be dismissed.

The court in *Cheffer* also considered the statutory definition of "interfere with:" "to restrict a person's freedom of movement." 18 U.S.C. § 248(e)(2); *see also*, *Cheffer*, 55 F.3d at 1521. The Court concluded that "the statute proscribes only a restriction of a person's freedom of

movement and only if accomplished by physical force or the threat thereof or by obstruction rendering passage unreasonably difficult or hazardous." *Cheffer*, 55 F.3d at 1521.

> In addition to injury and intimidation, the statute also prohibits "interference with" a person because the person is obtaining or providing reproductive health services. Access Act, § 3(a)(1) (codified at 18 U.S.C. §248(a)(1)). Again, however, the statute prohibits such interference only if accomplished through "force or threat of force or by physical obstruction." Id. The term "interfere with" is defined to mean: "to restrict a person's freedom of movement." Access Act, §3(e)(2) (codified as § 248(e)(2)). The term "physical obstruc-tion" is defined to mean: "rendering impassable ingress to or egress from a facility that provides reproductive health services ... or rendering passage to or from such a facility ... unreasonably difficult or hazardous." Access Act, §3(e)(4) (codified at §248(e)(4)). Thus, the statute proscribes only a restriction of a person's freedom of movement and only if accomplished by physical force or the threat thereof or by obstruction rendering passage unreasonably difficult or hazardous.

*Cheffer*, 55 F.3d at 1521.

The Complaint, however, fails to allege that Ms. Pine restricted an individual's freedom of movement either through physical force, threat of physical force, or physical obstruction. Instead, it simply alleges that by causing an automobile to halt momentarily, Ms. Pine "attempted to and did interfere." Compl. 12. However, the Complaint never gives any indication that Ms. Pine attempted interference as defined under the statute, that being a restriction of a person's freedom of movement.

Furthermore, Paragraph Twelve of the Complaint is little more than an attempt at recitation of an element of the statute. While it is true that the plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), the statement must be more than simply a label and conclusion. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336, 1338 (S.D. Fla. 2009). It must raise the right to relief "above a speculative level." *In re Managed Care Litigation*, 2009 WL 742678, 2 (S.D. Fla. 2009); *see also*, *Twombly*, 550 U.S. at 555; *Sec. of*

9

*Labor v. Labbe*, 319 F. App'x 761 (11th Cir. 2008). If this Court can only infer the "mere possibility of misconduct," then the Complaint must be dismissed. *Ashcroft v. Iqbal*, 129 S. Ct., 1937, 1950 (2009). The allegation in Paragraph Twelve of the Complaint is simply a formulaic recitation of the intent element of FACE. It does not allege any facts supporting the claim that Ms. Pine intended to create a physical obstruction or that she intended to create any obstruction at all. It simply draws a legal conclusion, which this court is not required to accept as true. *Iqbal*, 129 S. Ct. at 1949-50; *Twombly*, 550 U.S. at 555. Legal conclusions are acceptable in a complaint only to "provide the framework of a complaint," *Iqbal*, 129 S. Ct. at 1950, and even then "they must be supported by factual allegations." *Id.* The allegation that Ms. Pine attempted to interfere with a vehicle entering the clinic is nothing more than a legal conclusion, unsupported by factual allegations. Because there are no factual allegations showing intent, a critical element of a cause of action under FACE, the complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

## CONCLUSION

The Complaint should be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). It fails to allege that Ms. Pine by force or threat of force, or by physical obstruction, intentionally injured, intimidated or interfered with or attempted to injure, intimidate or interfere with any person seeking access to an abortion clinic. The Complaint fails to allege that Ms. Pine made impassible ingress or egress or created a physical obstruction that caused access to the Presidential Women's Center to be "unreasonably difficult or hazardous," as

defined by FACE. 18 U.S.C. § 248(e)(4). The Complaint should therefore be dismissed for failure to state a claim upon which relief can be granted.

|  |  |
|---|---|
| Cynthia Noland Dunbar ** | /s/ Horatio G. Mihet |
| LIBERTY COUNSEL | Mathew D. Staver |
| PO Box 11108 | Anita L. Staver |
| Lynchburg, VA 24506-1108 | Horatio G. Mihet |
| 434-592-7000 Telephone | LIBERTY COUNSEL |
| 434-592-7700 Facsimile | PO Box 540774 |
| court@lc.org | Orlando, FL 32854-0774 |
|  | 800-671-1776 Telephone |
|  | 407-875-0770 Facsimile |
|  | court@lc.org |

** *pro hac vice admission pending*

11

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS was served by electronic notification generated by the Court on September 14, 2010 to all counsel or parties of record shown below:

Veronica Harrell-James, Esq.
Assistant United States Attorney
United States Attorney's Office, Southern District of Florida
99 NE 4th Street
Miami, Florida  33132

Cathleen Trainor, Esq.
Senior Trial Attorney
United States Department of Justice
Civil Rights Division, Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC  20530


/s/ Horatio G. Mihet
HORATIO G. MIHET
Florida Bar ID # 26581
LIBERTY COUNSEL
1055 Maitland Center Commons, Second Floor
Maitland, Florida  32751-7214
Telephone 800-671-1776
Facsimile 407-875-0770
Email address:  court@lc.org

*One of the attorneys for Defendant*

2