UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| ERIC H. HOLDER, JR., ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA, | : : : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : : | |
| MARY SUSAN PINE, | : : | No. 9:10-cv-80971-KLR |
| Defendant. | : : | |

## AMENDED COMPLAINT

Eric H. Holder, Jr., Attorney General of the United States of America (the "United States Attorney General"), by the undersigned attorneys, asserts a civil cause of action under the Freedom of Access to Clinic Entrances Act ("FACE"), 18 U.S.C. § 248 (1994), enacted into law May 26, 1994, as follows:

1. In bringing this action, the United States Attorney General has reasonable cause to believe: (1) Defendant, Mary Susan Pine, has committed, and is likely to continue to commit, violations of FACE; and (2) various persons are being, have been, and will continue to be injured by Defendant's conduct.

### JURISDICTION, STANDING, AND VENUE

2. This Court has jurisdiction over this action pursuant to FACE, 18 U.S.C. § 248(c)(2), and 28 U.S.C. § 1345.

3. The United States Attorney General has standing to bring this action pursuant to FACE, 18 U.S.C. § 248(c)(2).

-2-

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), in that Defendant resides in this judicial district, and all the events giving rise to this complaint occurred in this judicial district.

## DEFENDANT

5. Defendant, Mary Susan Pine, is a regular and vocal anti-abortion protester at the Presidential Women's Center, located at 100 Northpoint Parkway in West Palm Beach, Florida.

6. On information and belief, Defendant resides in West Palm Beach, Florida.

## FACTUAL BACKGROUND

7. The Presidential Women's Center provides women's reproductive healthcare services.

8. Defendant has engaged in anti-abortion protest activity outside the Presidential Women's Center for several years.

9. Defendant is one of two protesters who typically conducts her protest activity on the south side of Northpoint Parkway, which includes walking back and forth in the Presidential Women's Center's driveway.

10. Defendant has also intentionally stepped in front of cars as the drivers attempt to enter the driveway to the Presidential Women's Center to access the parking lot.

11. On November 19, 2009, Defendant physically obstructed a car by stepping in front of the car as it was attempting to enter the driveway to the Presidential Women's Center to access the parking lot.

12. Defendant then stopped and stood in front of the car as it was attempting to enter the driveway to the Presidential Women's Center to access the parking lot.

-3-

13. The driver of the approaching car stopped to avoid striking Defendant.

14. A West Palm Beach Police Officer, who was in his vehicle conducting routine patrol in the area, observed Ms. Pine step in front of the car and stop, blocking it from entering the clinic parking lot.

15. During the time the car was standing still, in the driveway, no other cars could enter the driveway, and other cars on Northpoint Parkway had to drive around it, into the oncoming lane, to be able to proceed down the street.

16. When it became apparent to the police officer that the defendant was not going to move out of the driveway, the police officer parked his vehicle, got out, approached the driveway, and intervened so that the driver could enter the Presidential Women's Center parking lot.

17. The vehicle then proceeded into the Presidential Women's Center parking lot.

18. Ms. Pine then yelled at the officer, and told him "it was her right to do what she is doing."

19. The officer told Ms. Pine that she was in violation of Florida State Statute 316.2045(1)(2) (obstructing public, streets, and road) and of City Ordinance Chapter 78-1 and 78-427 (prohibiting impeding traffic flow entering a medical facility).

20. Defendant intentionally attempted to, and did, interfere with access to the Presidential Women's Center, by interfering with the driver's freedom of movement and making access to the clinic unreasonably difficult.

21. Defendant intentionally attempted to, and did, interfere with access to the

-4-

Presidential Women's Center, by making the driver's access to the clinic hazardous.

22. Defendant intentionally attempted to, and did, interfere with access to the Presidential Women's Center by causing the car to stop in the clinic driveway, which blocked the driveway to any other cars whose drivers or passengers may have wished to enter the clinic driveway or parking lot.

## CAUSE OF ACTION UNDER 18 U.S.C. § 248

23. The United States incorporates herein the averments of paragraphs 11 through 22 hereof.

24. Defendant's conduct as described in paragraphs 11 through 22 hereof constitute a physical obstruction which interfered with a person who had been seeking reproductive health services.

25. On information and belief, unless Defendant is restrained by this Court, Defendant will continue to engage in the illegal conduct averred herein.

26. The United States Attorney General is authorized under 18 U.S.C. § 248(c)(2)(B) to seek and obtain temporary, preliminary, and/or permanent injunctive relief from this Court for Defendant's violation of FACE.

27. The United States Attorney General is further authorized under 18 U.S.C. § 248(c)(2)(B)(i) to assess a civil penalty against a respondent no greater than $10,000.00 for a nonviolent physical obstruction.

WHEREFORE, the United States Attorney General respectfully requests judgment in his favor and against Defendant, Mary Susan Pine, in the form of:

-5-

A. An Order prohibiting Defendant, Mary Susan Pine, from entering any driveway leading into the Presidential Women's Center parking lot;

B. An Order prohibiting Defendant, Mary Susan Pine, and her representatives, agents, employees and any others acting in concert or participation with her, from violating the Freedom of Access to Clinic Entrances Act; and

C. A civil penalty assessment in the amount of $10,000.00.

                                                     Respectfully submitted,

WIFREDO A. FERRER
United States Attorney
Southern District of Florida

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

JONATHAN M. SMITH
Chief
Special Litigation Section

JULIE K. ABBATE
Deputy Chief
Special Litigation Section

/s/ Cathleen S. Trainor

VERONICA HARRELL-JAMES
Assistant United States Attorney
99 N.E. 4th Street
Miami, FL 33132
Fla. Bar No. 644791
(305) 961-9001
(305) 530-7679 (fax)

CATHLEEN S. TRAINOR
Senior Trial Attorney
United States Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Ave., N.W.
Washington, DC 20530
(202) 616-9009
(202) 514-0212 (fax)
cathleen.trainor@usdoj.gov

-6-

### CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Veronica Harrell-James

Veronica Harrell-James

## SERVICE LIST

ERIC H. HOLDER, Jr., ATTORNEY GENERAL OF THE UNITED STATES
v.
MARY SUSAN PINE
Case No. 9:10-CV-80971-klr
United States District Court, Southern District of Florida


Horatio G. Mihet, Esq.
LIBERTY COUNSEL
1055 Maitland Center Commons, Second Floor
Maitland, FL 32751-7214
Phone: (800) 671-1776
Fax: (407) 875-0770
Email address: hmihet@lc.org

Cynthia Noland Dunbar, Esq.
LIBERTY COUNSEL
100 Mountain View Road
Suite 2160
Lynchburg, VA 25406
Phone: (434) 592-7000
Fax: (434) 592-7700
Email address: court@lc.org