UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | | |
|---|---|---|
| ERIC H. HOLDER, | : | |
|    Attorney General of the | : | |
|    United States of America, | : | CIVIL ACTION |
| | : | |
|               Plaintiff, | : | **MEMORANDUM IN SUPPORT** |
| | : | **OF DEFENDANT'S MOTION** |
|      v. | : | **TO DISMISS AMENDED** |
| | : | **COMPLAINT** |
| MARY SUSAN PINE, | : | |
| | : | No. 9:10-cv-80971-KLR |
|          Defendant. | : | |

## INTRODUCTION

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of any pleading that fails to state a cause of action upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Plaintiff's Amended Complaint filed on November 8, 2010 fails to state such a claim. The Amended Complaint cites the Freedom of Access to Clinic Entrances Act ("FACE"), 18 U.S.C. § 248 (1994), as the cause of action under which relief is sought. The relevant provision of FACE unequivocally requires that Plaintiff prove that Defendant:

> by force or threat of force, or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person **because that person is or has been, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services**.

18 U.S.C. § 248(a)(1) (emphasis added). FACE therefore requires the allegedly obstructed individual to have been actually "obtaining or providing" reproductive health services at the time of the alleged obstruction. *Id*.; *see also*, *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 680-81 (11th Cir. 2001). Because Plaintiff cannot even allege that the individual driving the allegedly obstructed vehicle in this case was actually "obtaining or providing" reproductive

health services, the Amended Complaint fails to meet the standard set by Rule 12(b)(6) and recent case law, and should be dismissed.

## STANDARD OF PLEADING

Plaintiff is required to provide in the Amended Complaint a short and plain statement of the claim that shows Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). This statement must be more than simply "labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336, 1338 (S.D. Fla. 2009). The statement must in fact be "enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true." *In re Managed Care Litigation*, 2009 WL 742678, 2 (S.D. Fla. 2009); *see also*, *Twombly*, 550 U.S. at 555; *Sec. of Labor v. Labbe*, 319 F. App'x 761 (11th Cir. 2008).

This does not, however, mean that any allegation of facts constitutes a valid complaint upon which relief can be granted. On the contrary, while Rule 8 does not require detailed factual analysis of each claim, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While the Court in *Twombly* only required that plaintiff allege "enough facts to state a claim to relief that is plausible on its face," 550 U.S. at 555, the Court in *Iqbal* stated that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S. Ct. at 1949. The plaintiff in *Twombly* was held to a standard that required it to move its allegations beyond the merely conceivable into the realm of the plausible; because the plaintiff did not do so, the complaint was dismissed. 550 U.S. at 555. In *Iqbal*, that standard was heightened.

2

In *Iqbal*, the Supreme Court examined a complaint against then-Attorney General John Ashcroft alleging that plaintiff was subjected to torture and that Mr. Ashcroft was the "'principal architect' of this invidious policy." *Iqbal*, 129 S. Ct. at 1951. While plaintiff was fairly specific in his accusations and assertions, the Court nonetheless held that they were "bare assertions" and "nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim." *Id.* (*quoting Twombly*, 550 U.S. at 555). The Court, while recognizing that all factual elements must be read in the light most favorable to plaintiff, stated that "**[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice**." *Iqbal*, 129 S. Ct. at 1949 (emphasis added). The Court further noted:

> Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but **it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions**. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But **where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief**."

*Id.* at 1950 (emphasis added) (*quoting* Fed. R. Civ. P. 8(a)(2)) (internal citations omitted). Thus, if a complaint contains only conclusions, it must be dismissed as failing to state a claim upon which relief can be granted. *Id.* Furthermore, even if the facts are well-pleaded, if they only show a "mere possibility of misconduct," the claim should be dismissed under Rule 12(b)(6). *Id.*

In sum, if the Amended Complaint does not plead sufficient **factual** allegations to establish a prima facie case against Ms. Pine under FACE, then Plaintiff's suit must be dismissed for failure to state a claim upon which relief can be granted, notwithstanding any conclusory and threadbare recitals of the elements sprinkled by Plaintiff to avoid dismissal. Fed. R. Civ. P. 12(b)(6).

The Court must examine both the Amended Complaint itself and the statute under which it is brought to determine whether the Amended Complaint is legally sufficient. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 922 F.2d 1171, 1174 (11th Cir. 1993). Even if this Court finds that the Amended Complaint might conceivably state a claim upon which relief can be granted, this Court should grant the motion to dismiss unless the claim moves past the conceivable and into the realm of the plausible. *Iqbal*, 129 S. Ct. at 1950; *Twombly*, 550 U.S. at 570.

## ARGUMENT

**A)      FACE Protects Only a Narrow and Specific Class of Persons – those who Are Present at Health Care Facilities for the Purpose or with the Intention of Obtaining or Providing Reproductive Health Services.**

It is well settled that, by its express language, FACE protects only a narrow and specific class of persons: those who are present at health care facilities **for the purpose or with the intention of "obtaining or providing reproductive health services."** 18 U.S.C. § 248(a)(1). Conversely, FACE does not protect persons who happen to be present at health care facilities for other purposes, such as to deliver lunch, conduct a census survey, sell knives or water purification systems, pass through the parking lot to access an adjoining business, or simply loiter in the parking lot. *Id.*

Accordingly, the Eleventh Circuit is in agreement with its sister circuits, that to state a claim upon which relief can be granted under FACE,

> A plaintiff **must allege**: (1) force, threat of force, or physical obstruction; (2) done with the intent to; (3) injure, intimidate, or interfere with a person or attempt to do so; **(4) because that person has sought or provided, or is seeking or providing, or will seek or provide, reproductive health services**.

*Lotierzo v. Woman's World Medical Center, Inc.*, 278 F.3d 1180, 1182 (11th Cir. 2002) (emphasis added) (affirming dismissal of complaint because FACE does not protect pro-life

4

sidewalk counselors who are not obtaining or providing reproductive health services at abortion clinic). *See also*, *Roe*, 253 F.3d at 680-81 (affirming dismissal of complaint because it failed to allege that interference was undertaken because victim was seeking reproductive health services); *Sharpe v. Conole*, 386 F.3d 482, 484 (2d Cir. 2004) ("[B]y its very terms, the FACE Act requires that a defendant act **because** the interfered-with person was seeking, obtaining, or providing, or had obtained or provided, or might obtain or provide, reproductive health services") (emphasis in original) (affirming dismissal of FACE claim because plaintiff could not allege that cause of alleged interference was because he was providing reproductive health services); *MacArthur v. San Juan County*, 416 F. Supp. 2d 1098, 1137 (D. Utah 2005) (affirming dismissal of FACE claims because "the Proposed Amended Complaint makes no allegation of facts showing that any defendant has used physical force or obstruction **to obstruct or intimidate anyone seeking to obtain or provide reproductive health services**") (emphasis added).

In *Lotierzo*, the Eleventh Circuit considered a claim against volunteer workers from an abortion clinic who were allegedly interfering with plaintiff pro-life volunteers' attempts to counsel women outside a pregnancy care center. *Id*. at 1181. The Court held that because there was no allegation in the complaint that the pro-life volunteers were providing reproductive services within the meaning of FACE, the complaint failed to state a claim upon which relief could be granted. *Id.* at 1182-83.

   B.      **The Amended Complaint Does Not Allege that Defendant Interfered with any Person Obtaining or Providing Reproductive Health Services.**

In this case, the second installment of Plaintiff's Complaint similarly fails to allege that the so called "victim" of Defendant's alleged obstruction was obtaining or providing reproductive health services. The only **facts** that Plaintiff alleges are that: (1) Defendant stepped

in front of an unidentified car as it was attempting to enter a healthcare facility (dkt. 30 ¶¶ 11-12); (2) the unknown and undisclosed driver of that car stopped the vehicle momentarily (*id*. at ¶ 13); (3) a conversation ensued between Defendant, the driver and a police officer on routine patrol (*id*. at ¶¶ 14-16); (4) after which Defendant moved out of the way and the unknown and undisclosed driver continued driving into the clinic's parking lot. (*Id*. at ¶ 17).

Importantly, **Plaintiff does not allege the purpose of the unknown and undisclosed driver's visit to the clinic**. (*Id*.) **Plaintiff does not allege that the driver was there to obtain or provide reproductive health services, rather than to deliver lunch, conduct a census survey, sell knives or water purification systems, pass through the parking lot to access an adjoining business, or simply loiter in the parking lot**. (*Id*.) Indeed, the Amended Complaint is factually silent as to the identity of the driver, the reason for his or her presence at the health care facility, or his or her actions after he or she reached the parking lot.

While the Amended Complaint alleges that "no other cars could enter the [clinic] driveway" during the brief moments that this particular vehicle was stopped, **the Amended Complaint does not allege that other cars actually attempted to enter the clinic driveway or were turned away, much less cars occupied by passengers seeking to obtain or provide reproductive health services**. (*Id*.)

On the basis of only these factual allegations, the Amended Complaint concludes, in the section containing the elements of the FACE claim, that "Defendant's conduct as described in paragraphs 11 through 22 hereof constitute [*sic*] a physical obstruction which interfered with a person who had been seeking reproductive health services." (*Id*. at ¶ 24). This is no more than a legal conclusion, which this Court is not obligated to accept as true, first because it is not a factual allegation, and second because the conclusion is unsupported by the alleged facts. *Iqbal*,

6

129 S. Ct. at 1949-51. It can by no means be inferred that the unknown and undisclosed driver was attempting to obtain reproductive health services merely from the fact that he or she drove into a clinic parking lot. The unknown and undisclosed driver could have been there for any number of reasons, only **one** of which is protected by FACE while **none** of the others trigger liability. This is precisely the type of "bare assertion," "formulaic recitation of the elements" and "[t]hreadbare recital of the elements of a cause of action" that the Supreme Court found insufficient to withstand a motion to dismiss. *Id*. As in *Twombly*, the Amended Complaint here does not "move its allegations beyond the merely conceivable into the realm of the plausible," and should be dismissed. 550 U.S. at 555.

**C.      Plaintiff's Pleading Deficiency is Neither Accidental Nor Technical – Plaintiff Cannot Plead a Required Element of FACE Because Plaintiff Admittedly Does Not Know the Identity of the Alleged Victim.**

Plaintiff's failure to plead that its alleged "victim" was seeking reproductive health services is not accidental oversight. **Plaintiff does not know who the "victim" is, and so, naturally, Plaintiff cannot plead in good faith that he or she was seeking reproductive health services at the time of the alleged obstruction**.

After Plaintiff failed to identify the alleged "victim" in its Initial Disclosures, counsel for Defendant inquired with Plaintiff's lead trial attorney about the alleged victim's identity or purpose in visiting the clinic on the date of the incident in suit. (Declaration of Horatio G. Mihet, ¶ 4, attached hereto as Exhibit A). Plaintiff's counsel readily admitted that Plaintiff has no idea who the alleged victim is, and confirmed that admission in writing. (*Id*. at ¶¶ 4, 6). Plaintiff's counsel subsequently confirmed that Plaintiff's sole basis for concluding that the unknown and undisclosed driver was seeking reproductive health services was that the driver drove into a clinic parking lot. (*Id*. at ¶¶ 7-8). Plaintiff's counsel also confirmed that Plaintiff does not know the substance of any conversation between Defendant and the unknown and undisclosed driver,

7

and therefore does not have any evidence that the driver did not consent to stopping for a consensual discussion with Defendant prior to entering the clinic parking lot. (*Id*. at ¶ 9).[1]

If Plaintiff does not know who its alleged "victim" is, Plaintiff cannot plead that the "victim" was at the clinic to seek reproductive health services, as opposed to delivering lunch, conducting a census survey, selling knives or water purification systems, passing through the parking lot to access an adjoining business, or simply loitering in the parking lot. If the "victim" was present for any of these (or myriad other) unprotected reasons, any alleged obstruction, even if proven, cannot trigger liability under FACE. Accordingly, Plaintiff cannot plead a critical element of its FACE claim, and its Amended Complaint should be dismissed with prejudice.

## CONCLUSION

For these reasons, Plaintiff's Amended Complaint should be dismissed with prejudice.

Respectfully Submitted,

Cynthia Noland Dunbar
LIBERTY COUNSEL
PO Box 11108
Lynchburg, VA 24506-1108
434-592-7000 Telephone
434-592-7700 Facsimile
court@lc.org


Attorneys for Defendant

/s/ Horatio G. Mihet
Mathew D. Staver
Anita L. Staver
Horatio G. Mihet
LIBERTY COUNSEL
PO Box 540774
Orlando, FL 32854-0774
800-671-1776 Telephone
407-875-0770 Facsimile
court@lc.org

---

[1] This admission also casts serious doubt over Plaintiff's ability to plead in good faith that Defendant "interfer[ed] with the driver's freedom of movement." (Dkt. 30, ¶ 20).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed

electronically with the Court on November 26, 2010. Service will be effectuated by the Court's

electronic notification system upon all counsel or parties of record, including:


Veronica Harrell-James, Esq.
Assistant United States Attorney
United States Attorney's Office, Southern District of Florida
99 NE 4th Street
Miami, Florida  33132

Cathleen Trainor, Esq.
Senior Trial Attorney
United States Department of Justice
Civil Rights Division, Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC  20530


/s/ Horatio G. Mihet
HORATIO G. MIHET
One of the attorneys for Defendant