UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ERIC H. HOLDER, JR., <br> ATTORNEY GENERAL OF THE <br> UNITED STATES OF AMERCA, <br><br>           Plaintiff, <br><br>           v. <br><br> MARY SUSAN PINE, <br><br>           Defendant. | CIVIL ACTION <br><br> NO. 9:10-CV-80971-KLR |

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT

Eric H. Holder, Jr., Attorney General of the United States, by the undersigned attorneys, hereby opposes Defendant Mary Susan Pine's Motion to Dismiss the Amended Complaint.

The United States brought this action pursuant to the Freedom of Access to Clinic Entrances Act ("FACE"), 18 U.S.C. § 248 (1994) because defendant physically obstructed access to the Presidential Women's Center ("Center"), a freestanding reproductive health care facility. The Defendant, who was protesting the fact that the Center provides abortion services to women, stood in the driveway to the Center and blocked a car attempting to enter. She refused to move until a police officer intervened. Accordingly, the Amended Complaint alleges that the Defendant "attempted to, and did, interfere with the driver's access to the Presidential Women's Center." Amended Complaint ¶ 22. Defendant now seeks dismissal of the action because the United States has neither pled the identity of the driver who was obstructed from entering the Center nor alleged that she was there to receive reproductive health services.

The Defendant misconstrues FACE, which requires only that the Defendant physically obstruct the entrance to the Center with the intent to prevent a person from seeking, receiving or providing reproductive health care services. The United States need not show that services were in fact denied. It is the intent of the Defendant not the victim that matters. In addition, the facts as pled in the Amended Complaint clearly support the reasonable inference that the occupants in the blocked car, who were attempting to enter the Center's parking lot, were seeking access to reproductive health care services. The Motion to Dismiss should, therefore, be denied.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that a complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Eleventh Circuit construes the Rule 8(a)(2) pleading requirement broadly, with the allegations in the complaint taken in the light most favorable to the plaintiff. Watts v. Florida Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007).

In Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007), and Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937 (2009), the Supreme Court clarified the standards that apply in evaluating a motion to dismiss for failure to state a claim. In Twombly, the Court held that in order to survive a motion to dismiss, a complaint must set forth "only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. In the same vein, the Court further elucidated that the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations omitted). The Court also instructs that the rule

"does not impose a probability requirement at the pleading stage," but instead "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Id. at 556. It is sufficient if the complaint succeeds in "identifying facts that are suggestive enough to render [the element] plausible." Id.

In its subsequent decision in Iqbal, the Court explained the plausibility standard:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

129 S.Ct. at 1949 (citations omitted). Assessing whether a claim is "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

## ARGUMENT

Defendant's assertions that the United States has pled insufficient facts to support its allegation that Defendant violated FACE because it has not identified the driver of the car are without merit and should be rejected by this Court.

### I. Elements of FACE Claim

Section 248(a)(1) of FACE provides:

(a) Prohibited Activities – Whoever –

(1) by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to

3

>intimidate such person or any other person or class of persons from, obtaining or providing reproductive health services . . . shall be subject to . . . the civil remedies provided in subsection (c) . . . .

Courts have interpreted this provision of FACE to require four elements to properly make out a violation:

>"(1) Force, threat of force, or physical obstruction;
>
>(2) Done with the intent to;
>
>(3) Injure, intimidate or interfere with a person, or attempt to do so;
>
>(4) Because that person has sought or provided, or is seeking or providing, or will seek to provide, reproductive health services."

Lotierzo v. A Woman's World Med. Ctr., 278 F.3d 1180 (11th Cir. 2002), citing United States v. Lindgren, 883 F. Supp. 1321, 1325 (D.N.D. 1995).

The fourth element is known as the "motive" element, because it requires the prosecutor or plaintiff to plead and prove that the defendant's actions were taken "for the express purpose of preventing such persons from obtaining or providing reproductive health services." United States v. Wilson, 2 F. Supp. 2d 1170, 1171 (E.D.Wis. 1998), aff'd, 154 F.3d 658 (7th Cir. 1998), cert. denied, 525 U.S. 1081 (1999).  See also Roe v. Aware Woman Ctr. for Choice, 253 F.3d 678 (11th Cir. 2001); United States v. Balint, 201 F.3d 928, 932 (2d Cir. 2000); United States v. Operation Rescue Nat'l, (111 F. Supp. 2d 948) (S.D.Ohio 1999).  The motive element makes FACE unusual, because most crimes require only the proof of an act and proof of intent; motive is typically regarded as immaterial. Wilson, 2 F. Supp. 2d at 1171.[1]  Congress added the motive requirement to FACE based on the then-recent Supreme Court decision in Wisconsin v. Mitchell,

---

[1] Although Balint and Wilson involved criminal conduct which violated FACE, the elements of the civil cause of action are the same.  Milwaukee Women's Med. Servs., Inc. v. Brock, 2 F. Supp.2d 1172, 1177 (E.D. Wis. 1998).

4

508 U.S. 476 (1993), wherein the Court held that to impose more severe penalties based on a defendant's motive in a hate crime statute did not violate the First Amendment. See S. Rep. No. 103-117. 103rd Cong., 1st Sess. at 28. The Senate Report noted that FACE, like the hate crime statute upheld in Mitchell, punishes certain specific conduct "when it is motivated by a desire to stop someone from obtaining or providing abortion-related services, while providing no punishment at all for the same conduct engaged in for some other reason or for no reason." Id. The Senate Report further noted that the inclusion of the motive requirement was based on the other federal statutes upon which FACE was modeled, including 18 U.S.C. § 245, which prohibits, inter alia, discrimination based on race when engaging in federally protected activities such as voting, serving as a juror, etc. Intent to perform a specific act, and the motivation which drives that intent, are separate and distinct elements of a FACE violation.

  The motive requirement is solely relevant to Defendant's perception, belief, and state of mind. The United States does not need to plead or prove the identity of person who Defendant physically obstructed from entering the clinic driveway. In fact, it is reasonable to assume that Defendant herself does not know the identity of anyone she seeks to "counsel" in the clinic driveway, but she does so because she believes the people entering there are seeking abortions, or might be. There is a reason why Defendant is not confining her protest activity to informational picketing or leafleting at a grocery store, shopping, library, water filtration system headquarters, or anywhere else, and that is because she is motivated by the desire to prevent abortions.

  Cases with fact patterns similar to the instant case support this conclusion as well. For example, in New York v. Operation Rescue Nat'l, under circumstances very similar to the facts pled in the instant case, the court found that plaintiffs were likely to be able to prove that a

5

protester had created a physical obstruction under FACE by "obstruct[ing] driveway access [and] using her body to slow moving cars" in her frequent protests at a particular clinic. 273 F.3d 184, 196 (2d Cir. 2001). Nowhere in that opinion did the court indicate that it was necessary to know the identity or seek the testimony of these drivers. Similarly, in Lindgren, a protester who stopped cars by standing in front of them in the clinic driveway was enjoined from blocking the driveway or access to the driveway of the clinic. 883 F. Supp. 1321 (D.N.D. 1995). Again, nowhere in the opinion does it emerge that the drivers' identities were necessary to prove the obstruction.

Moreover, a physical obstruction need not be permanent, nor ultimately successful, to violate FACE. United States v. Soderna, 82 F.3d 1370, 1377 (7th Cir. 1996). In New York v. Cain, the Court found that standing directly in front of the Center door and refusing to move until a security guard approached, though temporary, was a physical obstruction that violated FACE, and made no mention of whether or not there were patients actually seeking to get into the clinic at that moment. 418 F. Supp. 2d 457, 480 (S.D.N.Y. 2006). To prove a FACE claim, "[i]t is not necessary to show that . . . anyone was actually denied medical services." New York v. Kreager, 160 F.Supp.2d 360, 373 (W.D.N.Y. 2001), citing United States v. Gregg, 32 F.Supp.2d 151, 156 (D.N.J 1998). Finally, it is clear that Congress intended the motive requirement to prohibit not just interference with abortions currently in progress, but also to prohibit interfering with abortions provided on a continuing basis. United States v. Balint, 201 F.3d 928 (7th Cir. 2000).

A FACE violation can be made out indirectly, based on observation of a defendant's activities, a determination of intent, and a determination of motive, which can be based on indirect factors. In the instant case, sufficient facts as to Defendant's motive have been pled: her

6

stopping the car, her statement to the police officer when thwarted, her regular, continuing presence protesting at the clinic. In <u>United States v. Gregg</u>, the Court held that the United States' burden to prove motive was satisfied by defendant's actions alone. 32 F.Supp.2d 151, 157 (D.N.J. 1998). In <u>Gregg</u>, defendants raised the defense that the individuals attempting to enter the clinic they were accused of obstructing were "phoney (sic) patients, used to deceive the court into granting an injunction," and that the burden was on the United States "to seek out the identity of three individuals whom the defendants purported to describe in an interrogatory." <u>Id.</u> (citation omitted). The Court held that the record contained no evidence to support this defense, and that the United States' declination to search out the identity of these individuals was not fatal to a claim of obstruction under FACE.

## II. The Amended Complaint Adequately States a Claim that Defendant Intended To, and Did, Interfere With a Person

FACE defines interference as follows: "[t]he term 'interfere with' means to restrict a person's freedom of movement." 18 U.S.C. § 248(e)(2); <u>see, e.g., Cheffer v. Reno</u>, 55 F.3d 1517 (11th Cir. 1995) (upholding constitutionality of FACE). The Amended Complaint alleges that defendant is a regular, long-time protester at the clinic, and that her usual protest *modus operandi* includes walking back and forth in the clinic's driveway. Amended Complaint ¶¶ 8,9. The Amended Complaint additionally alleges that defendant has blocked drivers on other occasions as they have attempted to turn into the clinic's driveway. Amended Complaint ¶ 10. The Amended Complaint alleges that, on November 19, 2009, Defendant stood in front of a car attempting to turn into the driveway, that the car had to stop to avoid hitting her, and that Defendant did not move until a police officer intervened. Amended Complaint ¶¶ 11-14.

Moreover, paragraphs 20-22 of the Amended Complaint specifically allege that Defendant "<u>attempted</u> to, and did, interfere with the driver's access to the Presidential Women's

Center." (emphasis added). As at least one court has recognized, "a defendant's intent to interfere with [clinic employees and patients] is evident from their conduct. 'Intent' means 'intending to perform the act and aware of the natural and probable consequences of it.'" United States v. Gregg, 32 F.Supp.2d 151, 157 (D.N.J. 1998) (citing S. Rep. No. 103-117, 103rd Cong., 1st Sess. at 24, no. 39, 1993 U.S.C.C.A.N. (1993)). A common sense interpretation of the word "attempt" compels the conclusion that an attempt to do something is always deliberate and volitional. Taken together and in context, the allegations in the Complaint give rise to the only plausible interpretation: that Defendant's actions were deliberate and intentional, and that she attempted to, and did, interfere with a person attempting to enter the clinic driveway.

### III. The Amended Complaint States A Claim that Defendant's Motivation in Creating a Physical Obstruction Was To Prevent A Person From Seeking Reproductive Services

With respect to the motive element, Plaintiff has adequately pled that the Defendant's actions were motivated by her belief that the person whose car she blocked from entering the clinic driveway was seeking reproductive services. The clinic is a facility that provides reproductive health services. Amended Complaint ¶ 7. Defendant has maintained a regular presence in the clinic driveway for years as part of her anti-abortion protest activity, which includes regularly walking back and forth in the clinic driveway, and she has stopped cars attempting to enter. Amended Complaint ¶¶ 8-10. After the officer interfered when Defendant had blocked the car in the driveway, she yelled that she had a right to do what she was doing. Amended Complaint ¶ 18. These allegations are sufficient to state a plausible claim that Defendant was motivated to stop the driver because she believed that the driver and/or any passenger were seeking reproductive services. In the full context presented by the facts alleged, the United States urges this Court to "draw on its judicial experience and common sense" to

8

conclude that Plaintiff has adequately pled Defendant's motivation under the requirements of FACE. Iqbal, 129 S.Ct. at 1950.

### IV. Plaintiff Has Adequately Pled that Defendant Was Motivated by Her Desire to Stop People from Obtaining Abortions

Defendant alleges that, because the Plaintiff is not in possession at this time about the identity of the person or persons Defendant physically obstructed from entering the clinic driveway, that the Amended Complaint fails to state a cause of action. We disagree.

Plaintiff did, in fact, allege that the Defendant stood in the driveway with the intent of preventing the driver and any passenger from entering the clinic. Amended Complaint ¶ 24. This is in contrast to the cases that Defendant cites in her Memorandum in Support of the Motion to Dismiss, where plaintiffs failed to make any allegation at all that Defendants were motivated by a desire to prevent a person from seeking reproductive services. In Roe v. Aware Woman Center for Choice, the court determined that plaintiff "failed to allege **anything at all** regarding **defendants'** motive (emphasis added). 253 F.3d at 683-683. The Court dismissed the complaint without prejudice to refile. Similarly, in Lotierzo v. A Woman's World Medical Center, the plaintiff failed to allege that the action taken by the defendants was because plaintiffs, in their capacity as anti-abortion protestors affiliated with a pregnancy care center across the street from defendants' medical facility, were targeted because they were providing reproductive health services. 278 F.3d 1180 (11th Cir. 2002).

An important consideration is privacy, which the Eleventh Circuit regards very seriously. In Roe, the Court of Appeals for the Eleventh Circuit overturned the district court's order that the plaintiff be refused permission to proceed anonymously. Roe, 253 F.3d at 683. The risks of being exposed in open as having sought or obtained an abortion is not required to prosecute a FACE claim for this very reason.

9

This in no way means that we will not be able to prove at trial, by a preponderance of the evidence, that the person Defendant blocked, or that person's passengers, were seeking reproductive health services. The clinic is a freestanding building with no other businesses in the building. There is no way to cut through to other businesses after entering the clinic's parking lot. Patients are instructed to enter the parking lot through a prominent "DO NOT ENTER" sign, so anyone entering that driveway is in fact going to the clinic. This is precisely why Defendant positions herself in the driveway – because she knows this is the only way patients can access the clinic. In addition, there is a sophisticated security system that surveys the parking lot and no one has ever been allowed to loiter there, as Defendant suggests. But all of these facts and the inferences that can be drawn from them are proper targets for the discovery process, not for pleading sufficiency.

## CONCLUSION

For the foregoing reasons, this Court should deny Defendant's Motion to Dismiss in its entirety.

Dated: December 13, 2010

Respectfully submitted,

WIFREDO A. FERRER
United States Attorney
Southern District of Florida

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

JONATHAN SMITH
Chief
Special Litigation Section

VERONICA HARRELL-JAMES
Assistant United States Attorney
99 N.E. 4th Street
Miami, FL 33132
Fla. Bar No. 644791
Telephone:   (305) 961-9327
Facsimile:   (305) 530-7139

JULIE K. ABBATE
Deputy Chief
Special Litigation Section

CATHLEEN S. TRAINOR
Senior Trial Attorney
Special Litigation Section
Civil Rights Division
UNITED STATES Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone:   (202) 616-9009
Facsimile:   (202) 514-0212

11

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Veronica Harrell-James

Veronica Harrell-James

## SERVICE LIST

ERIC H. HOLDER, Jr., ATTORNEY GENERAL OF THE UNITED STATES
v.
MARY SUSAN PINE
Case No. 9:10-CV-80971-klr
United States District Court, Southern District of Florida


Horatio G. Mihet, Esq.
LIBERTY COUNSEL
1055 Maitland Center Commons, Second Floor
Maitland, FL 32751-7214
Phone: (800) 671-1776
Fax: (407) 875-0770
Email address: hmihet@lc.org

Cynthia Noland Dunbar, Esq.
LIBERTY COUNSEL
100 Mountain View Road
Suite 2160
Lynchburg, VA 25406
Phone: (434) 592-7000
Fax: (434) 592-7700
Email address: court@lc.org