UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 10-CV-80971-RYSKAMP/VITUNAC

ERIC H. HOLDER, JR.,
ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARY SUSAN PINE,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** comes before the Court on defendant Mary Susan Pine's motion to dismiss **[DE 32]** filed on November 26, 2010. The government filed a response **[DE 34]** on December 13, 2010. Ms. Pine filed a reply **[DE 35]** on December 23, 2010. This matter is ripe for adjudication.

    **I.**    **Background**

According to the amended complaint **[DE 30]**, Mary Susan Pine, an abortion protester, violated the Freedom of Access to Clinic Entrances Act ("FACE"), 18 U.S.C. § 248 (c)(2), when she stepped in front of a car as it was entering the Presidential Women's Center's parking lot. The Center is located in West Palm Beach, Florida and provides reproductive healthcare services. After walking in front of the vehicle, Ms. Pine stopped and stood in front of the car. While the car was stopped in the driveway to the Center, no other cars could enter the parking lot. After observing the incident, a West Palm Beach police officer exited his vehicle,

1

approached the driveway, and intervened to allow the vehicle to enter the Center's parking lot. The officer informed Ms. Pine that she was acting in violation of both state and local law. After the vehicle entered the lot, Ms. Pine told the officer that it was her right to do what she was doing. The vehicle eventually proceeded into the Center's parking lot.

Based on these factual allegations, United States Attorney General Eric H. Holder, Jr. alleges that Ms. Pine violated the FACE Act.[1] The government alleges that Ms. Pine intentionally interfered with access to the Center's entrance by impeding the driver's freedom of movement and making access to the Center unreasonably difficult and hazardous. The government seeks an order prohibiting Ms. Pine from entering any driveway leading into the Center's parking lot, an order prohibiting Ms. Pine and her representatives, agents, employees, and any others acting in concert with her from violating the FACE Act, and a civil penalty in the amount of $10,000.00.

## II.     Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint, allowing a party to move to dismiss a claim for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. This inquiry "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The complaint must contain

---

[1] Pursuant to 18 U.S.C. § 248(c)(2), the United States Attorney General has standing to bring this action.

allegations addressed to each material element "necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001). Although this material may be either direct or inferential, it must be factual. *Twombly*, 127 S.Ct. at 1965. Accordingly, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Id.* Finally, when considering the sufficiency of a complaint on a 12(b)(6) motion, the Court must presume the veracity of all well-pleaded factual allegations—but not legal conclusions—and view the pleadings in the light most favorable to the plaintiff. *Iqbal*, 129 S.Ct. at 1950; *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

### III. Analysis

Ms. Pine argues that the Court must grant her motion to dismiss because liability only attaches under the FACE Act when the defendant "by force or threat of force or by physical obstruction, intentionally, injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate any such person or any person or any class of persons from, obtaining or providing reproductive health services." In Ms. Pine's view, the statute requires the victim of the alleged obstruction to have been actually seeking reproductive health services. Because the amended complaint fails to allege that the victim was actually obtaining or providing reproductive health services, the Court must dismiss the amended complaint.

The government asserts that the FACE Act focuses solely on the intent of the defendant. In the government's view, the government need only show that the defendant intended to prevent a person from seeking, receiving, or providing reproductive health services. In the government's view, "[i]t is the intent of the Defendant not the victim that matters." The

government also asserts that the well-pleaded factual allegations in the amended complaint support the inference that the occupants in the blocked car were seeking access to the Center in order to obtain reproductive health care services.

> The FACE Act provides both civil and criminal penalties for anyone who:
>
> by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services.

18 U.S.C. § 248(a)(1). "To state a claim for relief under the FACE Act, a plaintiff must allege: (1) force, threat of force, or physical obstruction; (2) done with the intent to; (3) injure, intimidate, or interfere with a person or attempt to do so; (4) because that person has sought or provided, or is seeking or providing, or will seek or provide, reproductive health services." *Lotierzo v. A Woman's World Medical Center, Inc.*, 278 F.3d 1180, 1183 (11th Cir. 2001).

In her motion, Ms. Pine does not dispute that the government has sufficiently and plausibly pled the first three elements of a FACE Act violation.  Rather, Ms. Pine challenges only the fourth element.  In the amended complaint, the government alleges that by stopping in front of the car entering the Center's parking lot, Ms. Pine interfered with the driver's access to the Center, which, according to the amended complaint, provides reproductive healthcare services.  After being confronted by a West Palm Beach police officer, Ms. Pine allowed the car to pass and enter the Center's parking lot.  These factual allegations are sufficient to allow the Court to draw the reasonable inference that the driver of the vehicle was going to the Center to obtain reproductive health services.  Accordingly, these allegations satisfy the fourth element of a FACE Act claim.  Assuming the veracity of the allegations, as required, the government has stated a plausible claim for violation of the FACE Act against Ms. Pine.

Because the Court concludes that the amended complaint contains sufficient factual allegations to allow the Court to infer that Ms. Pine interfered with someone who was seeking reproductive health services, the Court declines to consider whether the Act provides liability when the defendant merely believed that the victim was seeking such services.  If, after discovery, the government is unable to produce evidence that the driver was actually seeking reproductive health services, Ms. Pine is free to raise the issue again at the summary judgment stage.

**IV.  Conclusion**

The Court has carefully considered the motion, response, reply, applicable law, and pertinent portions of the record.  For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that

(1)  Defendant's motion to dismiss **[DE 32]** is **DENIED**; and

(2)  Defendant's motion for hearing **[DE 36]** is **DENIED**.[2]

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 10 day of January, 2011.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

---

[2] The Court has discretion to grant or deny a hearing.  S.D. Fla. L.R. 7.1(b) (1).  The Court declines to hold a hearing on this motion.

5